```
                                                          FILED
         UNITED STATES DISTRICT COURT                  03 JUL 31 PM 4: 50
         NORTHERN DISTRICT OF ALABAMA                  U.S. ...
             NORTHEASTERN DIVISION                     N.D. OF ALABAMA
```

ANGELA D. WYNN,            )
                           )
    Plaintiff,            )
                           )
vs.                        )       Civil Action No. CV-02-S-1590-NE
                           )
CITY OF HUNTSVILLE,        )
                           )       **ENTERED**
    Defendant.            )
                                   3 1 2003

## MEMORANDUM OPINION

Plaintiff, Angela D. Wynn, is a Caucasian female who is employed by the City of Huntsville, Alabama, Police Department ("department") as a uniformed police officer.[1] On or about January 11, 2001, the department announced that it was soliciting applications to fill three vacant Sergeant positions.[2] Plaintiff applied, and was identified as one of five qualified candidates for the job.[3] The four remaining individuals identified as qualified for promotion were males: *i.e.*, three Caucasian males and one African American male, JesHenry Malone.[4] Ultimately, two of the Caucasian males and Malone were promoted.[5]

Plaintiff contested her non-selection by filing a written grievance with the City's Human Resources Department on August 29, 2001. She alleged, among other things, that the decision of the City's Police Chief, denying her promotion to the rank of Sergeant, was

---

[1] Complaint ¶ 3.
[2] *Id.* ¶ 6.
[3] *Id.* ¶ 7.
[4] *Id.* ¶ 8.
[5] *Id.*

the product of race and gender discrimination.[6] The City's Human Resources Director, Mia Puckett, responded to plaintiff's grievance by means of a letter dated September 11, 2001, stating that the City's promotional processes had been followed, and that plaintiff had failed to allege any facts supporting her claims.[7]

Plaintiff appealed Puckett's decision to the City's Personnel Committee on September 18, 2001.[8] The committee consists of five individuals, including the Administrative Assistant to the Mayor, who acts as chairman.[9] The remaining members are City employees who serve one-year terms.[10] On the date plaintiff's grievance was heard, the committee was chaired by Terry Hatfield, and the other members were Robby Stewart, Mike Taylor, Jeff Martin, and Jimmy Bunn.[11] The Personnel Committee is responsible for hearing the appeals of employees who are dissatisfied with a department head's response to their grievance. In performing its duties, the committee conducts a full evidentiary hearing, beginning with opening statements, followed by the examination of witnesses and the presentation of documentary evidence, and concluding with closing arguments. The entire proceeding is recorded and transcribed by a court reporter, and all parties may be represented by counsel. Following the evidentiary hearing, the committee renders a written decision, including

---

[6] Defendant's evidentiary submissions, Tab 9 (Puckett affidavit), at Exhibit I (Human Resources Department written response to plaintiff's grievance dated Sept. 11, 2001).

[7] *Id.*

[8] *Id.*, Exhibit J (plaintiff's appeal letter to Personnel Committee dated Sept. 18, 2001).

[9] *Id.*, Exhibit K (City's Personnel Policies and Procedures Manual) ¶ 14.4.

[10] *Id.*

[11] *Id.*, Exhibit M (Personnel Committee Memorandum of Decision dated May 16, 2002).

findings of fact.[12]

The evidentiary hearing on plaintiff's appeal was conducted over four days: February 13, March 7, May 2, and May 6, 2002. The committee heard sworn testimony from plaintiff and roughly a dozen other members of the Huntsville Police Department, including Chief Compton Owens and Sergeant JesHenry Malone. Counsel for plaintiff and the Police Chief were accorded the opportunity to cross-examine each witness, and presented arguments. In addition to the testimonial evidence, the Personnel Committee reviewed a substantial volume of documentary evidence.[13]

Ten days after the conclusion of hearing, the committee denied plaintiff's appeal, stating in the part pertinent to this action that "the Personnel Committee is unanimous in its decision that there was no evidence presented to support your allegation" of discrimination on the basis of race or sex: "At no time during the hearing was testimony presented that you were not promoted because you were a white female nor was their [sic] testimony presented that Sgt. Malone was promoted because he was a black male."[14]

Undeterred, plaintiff appealed the Personnel Committee's decision to the Huntsville City Council on June 2, 2002.[15] The City Council heard arguments from counsel representing plaintiff and the Police Chief on August 15, 2002; and, on August 21, 2002, the

---

[12] Defendant's evidentiary submissions, Tab 9 (Puckett affidavit), at Exhibit K (City's Personnel Policies and Procedures Manual) ¶¶ 14.2 -14.3.

[13] Defendant's evidentiary submissions, Tab 9 (Puckett affidavit) ¶ 17.

[14] *Id.*, Exhibit M (Personnel Committee Memorandum of Decision dated May 16, 2002).

[15] *Id.*, Exhibit N (Plaintiff's letter of appeal to Huntsville City Council dated June 5, 2002).

City Council informed plaintiff that its members had unanimously voted to sustain the decision of the Personnel Committee.[16] Plaintiff did not seek state court review of the City Council's denial of her appeal but, instead, filed this action.

In her Complaint, plaintiff takes issue only with the Police Chief's selection of JesHenry Malone for promotion to Sergeant; she does not contest the selection of the other two, Caucasian males.[17] The Complaint asserts claims of gender and race discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, as well as the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, as applied to defendant by 42 U.S.C. § 1983.[18] This action now is before the court on defendant's motion for summary judgment on all of plaintiff's claims (doc. no. 27), as well as a motion to strike portions of plaintiff's evidentiary submissions (doc. no. 37).

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides, in part, that summary judgment not only is proper, but also that it "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon

---

[16] *Id.*, Exhibit O (Huntsville City Council's letter denying plaintiff's appeal dated Aug. 21, 2002).
[17] *See, e.g.*, Complaint ¶ 12; defendant's brief in support of summary judgment, at 1-2.
[18] *See generally* Complaint.

motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

> In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment.
>
> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)); *see also United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc).

Upon consideration of the pleadings, evidentiary submissions, and briefs, the court concludes that defendant's motion for summary judgment should be granted. Defendant's motion to strike portions of plaintiff's evidentiary submissions will be denied as moot.

## II. DISCUSSION

For the reasons stated in the excellent brief submitted by counsel for the City of Huntsville, the court concludes that defendant's motion for summary judgment is due to be granted, and that all of plaintiff's claims should be dismissed with prejudice. Defendant's brief is adopted as the opinion of this court. Defendant's motion to strike portions of

plaintiff's evidentiary submissions will be denied as moot. An appropriate order will be entered herewith.

DONE this ___31st___ day of July, 2003.

_____
United States District Judge